UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYLE E. DICKSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE of NEVADA, et al.,<br><br>Defendants. | Case No. 2:21-cv-00999-JAD-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br>Re: ECF No. 1-1 |

Plaintiff, who is pro se, requests to proceed in this action pursuant to 28 U.S.C. § 1915. ECF No. 1. Plaintiff also submitted a Complaint with his *in forma pauperis* application. ECF No. 1-1

**I.** *In Forma Pauperis* **Application**

Plaintiff's *in forma pauperis* application is complete under § 1915(a) and shows an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* is granted.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A. Plaintiff's exhaustion of administrative remedies

Plaintiff alleges claims of retaliation, race discrimination, and sex discrimination under Title VII of the 1964 Civil Rights Act ("Title VII"), age discrimination under the Age Discrimination in Employment Act (the "ADEA"), violation of State of Nevada policy and procedures under Nevada Revised Statute ("NRS") 613.330, and Nevada Administrative Code ("NAC") 284 *et seq*. Plaintiff states he filed a Charge of Discrimination with the "Nevada Equal Rights Commission (NERC) alleging violations of Title VII by Defendant(s)." ECF No. 1-1 ¶ 19. Plaintiff further states that his Charge alleged "discrimination based uponon gender, disparate treatment, and retaliation …" *Id.* ¶ 21. Plaintiff avers that he received a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") on April 6, 2021.

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under both Title VII and the ADEA." *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted); *Rosseter v. Industrial Light & Magic*, Case No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009) (to exhaust all administrative remedies under the ADEA, plaintiff must allege that he filed an administrative charge with the EEOC within 180 days of when

the alleged unlawful practice occurred). This same rule applies to claims filed under Nevada law. *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) (internal citation omitted) (NRS 613.420 requires an employee alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC before filing a district court action"); *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990) (citing *Copeland v. Desert Inn Hotel*, 673 P.2d 490 (Nev. 1983)) (the Nevada Supreme Court holds that "an employee claiming discrimination under NRS 613.420 is obligated to file a claim with the NERC and to have that agency adjudicate the claim before it can properly be brought in district court").

In his Complaint, Plaintiff fails to state that his Charge of Discrimination alleged either race discrimination or age discrimination. Plaintiff also does not mention that he raised issues of color, religion, sexual orientation, gender identity or gender expression in his Charge. Each of these claims are alleged in Plaintiff's Fifth Claim for Relief. ECF No. 1-1 ¶¶ 56-60, 66-72. Plaintiff does not attach a copy of his Charge to the Complaint. *See* ECF No. 1-1. Therefore, as alleged, there is insufficient information to find Plaintiff properly exhausted his administrative remedies as to race and age discrimination, under federal law, or color, religion, sexual orientation, gender identity or gender expression under Nevada State Law. For this reason alone, each of these claims must be dismissed.

        B.    <u>The State of Nevada and its operating divisions are immune from suit under the ADEA</u>.

Plaintiff sues the State of Nevada and the Nevada Housing Division appearing to name these entities in each of its claims. However, the ADEA does not abrogate state sovereign immunity, making the State of Nevada immune from lawsuits under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). This immunity also shields "arms" of the state, such as Nevada Housing Division. *Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980). Thus, Plaintiff's ADEA claim against the State of Nevada and the Nevada Housing Division must be dismissed with prejudice.

C.  <u>The State of Nevada and Nevada Housing Division are immune from suit alleging pendant state law claims</u>.[1]

The State of Nevada and its operating divisions are also immune from suit in federal court under Nevada's anti-discrimination statutory scheme found at Chapter 613 of the NRS. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S.139, 144 (1993); *Beentjes v. Place County Air 53 Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005). The Eleventh Amendment to the United States Constitution effectively enacts sovereign immunity and prohibits federal courts from hearing claims brought against an unconsenting state. U.S. Const. amend. XI; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Books v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted).

Further, the Supreme Court has expressly rejected the notion that the judge-made doctrine of pendent jurisdiction can be utilized to "override" the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Although claims premised upon the statutory or common law of a state can be filed as "pendent" to claims asserted under Title VII, when the federal claim is asserted against a state, the Eleventh Amendment operates to preclude a federal court from entertaining such pendent claims. *Id*. at 120-121.[2] Thus, all of Plaintiff's pendant state law claims asserted against the State of Nevada and the Nevada Housing Division must be dismissed. The Court recommends dismissing these claims without prejudice so that, if Plaintiff chooses to do so, he may file a complaint in state court asserting his state law claims.

---

[1] Plaintiff references Nevada Administrative Code Chapter 284—The State Personnel System. There is no provision in this Chapter for a private right of action. There are, however, provision hearings before the Personnel Commission. In NRS 233B.110, the state provides for "a proceeding for declaratory judgment in the district court in and for Carson City, or in and for the county where the plaintiff resides, when it is alleged that the regulation, or its proposed application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." Thus, to the extent Plaintiff seeks to bring a claim in federal court pursuant to NRS Chapter 284, he lacks a cause of action over which the Court has jurisdiction.

[2] While "[a] state may waive its sovereign immunity expressly or when it voluntarily invokes the federal Court's jurisdiction, here, Nevada has not waived its sovereign immunity in federal court and, this case was not removed to federal court by the Defendants. *Cohen v. Whitley*, Case No. 2:19-cv-01033-APG-EJY, 2021 WL 1553814, *5 (D. Nev. Apr. 20, 2021) *citing Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999); NRS 41.031(3).

4

D. There is no individual liability under Title VII, the ADEA or NRS 613.330 *et seq*.

Ninth Circuit law is clear that there is no individual liability under Title VII or the ADEA. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 589 (9th Cir. 1993) (holding Congress imposed liability only on employers under Title VII and the ADEA, not individuals); *see also Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."). This same rule holds true for claims of discrimination and retaliation under Nevada law. *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 2:05-cv-00427-LRH-PAL, 2007 WL 1231776 (D. Nev. 2007). Thus, all of Plaintiff's retaliation and discrimination claims against Amber Neff and Jacob LaRow should be dismissed with prejudice.

E. Plaintiff's Title VII claims of retaliation and sex discrimination may proceed against the State of Nevada and Nevada Housing Division.

"The Supreme Court has held that in enacting Title VII, Congress properly abrogated the states' Eleventh Amendment immunity for such suits. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976) (holding that Title VII of the Civil Rights Act of 1964 abrogates the states' Eleventh Amendment immunity). Thus, Plaintiff's Title VII claim is not barred by the Eleventh Amendment." *Anderson v. Nevada ex rel.*, Case No. 3:09-cv-00460-ECR-RAM, 2010 WL 11594887, at *2 (D. Nev. Jan. 28, 2010). And, neither the State of Nevada nor the Nevada Housing Division is immune from Plaintiff's sex discrimination or retaliation claims brought pursuant to Title VII.

F. Plaintiff may not seek money damages or retroactive injunctive relief against the State or its operating arm, while prospective injunctive relief is available.

*Ex parte Young*, 209 U.S. 123 (1908) allows a private party to sue the state for prospective injunctive relief. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (The *Ex parte Young* exception to Eleventh Amendment immunity is narrow. The exception applies only to prospective injunctive relief, and does not allow actions against officials for past violations of federal law). Thus, to the extent Plaintiff seeks money damages from the State of Nevada or its operating arm, the Nevada Housing Division, such as back pay, front pay, compensatory damages, punitive damages, prejudgment interest or reasonable attorney's fees and

costs, Plaintiff's claims for relief fails as a matter of law. ECF No. 1-1 at 8-9 ¶¶ D-G. Likewise, to the extent Plaintiff seeks a retroactive injunction against the State or Nevada Housing Division, this relief is also barred. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 146. In comparison, there is overwhelming support that job reinstatement constitutes prospective injunctive relief and is available to Plaintiff under the exception to Eleventh Amendment immunity. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 841 (9th Cir.1997).

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 1-1).

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims for sex discrimination and retaliation proceed against the State of Nevada and Nevada Housing Division under Title VII.

IT IS FURTHER RECOMMENDED that Plaintiff be entitled to seek prospective injunctive relief under these claims.

IT IS FURTHER RECOMMENDED that the Court dismiss the following with prejudice:

1. Plaintiff's Age Discrimination in Employment Act against all Defendants;
2. Plaintiff's pendant state law claims against the State of Nevada and the Nevada Housing Division
3. Plaintiff's Title VII claims and pendant Nevada state law claims against the individual Defendants; and,
4. Plaintiff's claims for monetary damages and retroactive injunctive relief against the State of Nevada and the Nevada Housing Division.

IT IS FURTHER RECOMMENDED that the Court dismiss the following without prejudice and with leave to amend:

1. Plaintiff's Title VII race discrimination claim against the State of Nevada and Nevada Housing Division; and,

2. Plaintiff's Nevada state law discrimination claims based on race, color, religion, sexual orientation, gender identity or expression, and national origin against the State of Nevada and Nevada Housing Division such that if Plaintiff choose to file a complaint in state court based on these allegations, he may do so.

Plaintiff is advised that to the extent he must demonstrate he exhausted administrative remedies as to these claims, he may attach his Charge of Discrimination to an amended complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. The Court cannot refer to the original complaint or any allegation therein when determining if Plaintiff sufficiently states his claims. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, the amended complaint be filed no later than within 30 days after the date of this Order.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with the terms of this Order and Recommendations the Court dismiss Plaintiff's action in its entirety.

Dated this 7th day of June 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE