UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lyle Edward Dickson,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00999-JAD-EJY<br><br>**Order Denying Motion to Dismiss and Extending Time to Complete Service**<br><br>[ECF No. 12] |

    Pro se plaintiff Lyle Dickson sues the State of Nevada and the Nevada Housing Division for sex discrimination and retaliation under Title VII of the Civil Rights Act. The defendants move to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(5), contending that Dickson's service was ineffective because he improperly served the Nevada Housing Division. I find that Dickson's service was ineffective under FRCP 4(j) and Nevada Rule of Civil Procedure (NRCP) 4.2(d), but I deny the motion to dismiss and instead grant Dickson leave to properly serve the defendants by July 29, 2022.

**Discussion**

**I.    Legal standard**

    For a federal court to have jurisdiction over any defendant, a plaintiff must comply with FRCP 4.[1] Under that rule, when suing a state-created governmental organization, a plaintiff must serve "a copy of [the summons and complaint] in the manner prescribed by that state's law . . . ."[2] Nevada's procedural rules require that a plaintiff serve both the Attorney General and

---

[1] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

[2] Fed. R. Civ. P. 4(j).

"the person serving in the office of the administrative head of the named public entity," or their authorized agents.[3]

"[FRCP] 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[,]" but compliance with the rule still must be substantial.[4] When service is ineffective, the court must grant a time extension to cure service if the plaintiff can show good cause for the defect.[5] The Ninth Circuit has recognized that, "at a minimum, good cause means excusable neglect."[6] A plaintiff may also be required to show that the defendants received actual notice and wouldn't suffer prejudice from the extension, and that the plaintiff would be prejudiced if his complaint was dismissed.[7]

## II. Dickson's service was ineffective.

Defendants concede that Dickson correctly served the attorney general as required by NRCP 4.2(d)[8] but they argue that Dickson's attempt to serve Karenza Strode, the Chief of Administration of the Nevada Housing Division (NHD), was ineffective.[9] The defendants contend that Strode is not the "administrative head" of the NHD and therefore not the right person to serve.[10] They argue that Dickson instead should have served the head of the

---

[3] Nev. R. Civ. P. 4.2(d).
[4] *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987).
[5] Fed. R. Civ. P. 4(m).
[6] *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (cleaned up).
[7] *Id.*
[8] ECF No. 12 at n.1. The defendants note that Dickson only named the State of Nevada in the summons served on the attorney general, but they don't meaningfully contest the adequacy of that service. So I find that Dickson substantially complied with NRCP 4.2(d)(1)(A)'s requirement to serve the attorney general and focus solely on his attempts to serve the NHD.
[9] ECF No. 10; ECF No. 11.
[10] *Id.*

Department of Business and Industry (DBI)—the department that houses the NHD—"and/or" the head of the NHD itself.[11]  Dickson maintains that he properly served the correct official at the NHD, alleging that Strode held herself out as an agent authorized to accept service, and he argues that he did not serve the DBI because it is not named as a defendant.[12]

The NHD is a subdivision of the DBI, which is the principal administrative body of 11 state agencies.[13]  No statute specifically addresses service of process for the DBI and its subdivisions, but several sections of the Nevada Revised Statutes (NRS) provide some clarity.  NRS § 232.510 states that the director of the DBI is "responsible for the administration of all provisions of law relating to the jurisdiction, duties[,] and functions of all divisions and other entities within the Department."[14]  The chief of the NHD is "subject to the administrative supervision" of the DBI director.[15]  So to comply with NRCP 4.2(d)(1)(B) and properly serve the NHD, Dickson must serve the summons on Terry Reynolds, the director of the DBI.[16]  He did not do so, so his service was ineffective.

### III. Dismissal is not yet warranted.

While Dickson's service was ineffective, I acknowledge that it was his first attempt at serving the defendants as a pro se litigant.  And though Dickson is still "bound by the rules of procedure,"[17] the Ninth Circuit "recognizes that it has a duty to ensure that pro se litigants do not

---

[11] ECF No. 17 at 4.
[12] ECF No. 15.
[13] Nev. Rev. Stat. § 232.510.
[14] *Id.* at § 232.520.
[15] *Id.* at § 232.530.
[16] Nev. R. Civ. P. 4.2(d)(1)(B).
[17] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

3

lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."[18]  Indeed, Nevada acknowledges that these service rules can be confusing and directs courts to grant a reasonable extension to complete service if a plaintiff managed to serve the attorney general but not the administrative head of the named agency.[19]  Both the State of Nevada and the NHD are being represented by the attorney general's office, and neither would be prejudiced if Dickson was granted extra time to properly serve Terry Reynolds at the DBI.[20]  As Dickson is proceeding pro se and *in forma pauperis*, it would be prejudicial to require him to pursue his allegations in a new complaint due to an easily remedied error.  I thus deny the defendants' motion and grant Dickson until July 29, 2022, to cure the defect and properly serve Terry Reynolds, the director of the DBI.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 12] is DENIED**.  Dickson has until July 29, 2022, to serve the DBI director and file proof of service with the court.  Failure to do so could result in dismissal without further notice.

_____
U.S. District Judge Jennifer A. Dorsey
June 29, 2022

---

[18] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984); *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)).

[19] Nev. R. Civ. P. 4.2(b)(6); *Harris v. State*, 510 P.3d 802 (Nev. June 2, 2022).

[20] *See* ECF No. 12 at 1.