```
AARON D. FORD
Nevada Attorney General
SCOTT H. HUSBANDS
Senior Deputy Attorney General
Nevada Bar No. 11398
State of Nevada
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV  89511
(775) 687-2121 (phone)
(775) 688-1822 (fax)
Email: shusbands@ag.nv.gov
```

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LYLE EDWARD DICKSON,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, a constitutional governmental entity; NEVADA HOUSING DIVISION, a division of the State of Nevada,<br><br>    Defendants. | Case No. 2:21-cv-00999-JAD-EJY<br><br>**STIPULATION AND ORDER REGARDING EXTENSION OF DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

Pursuant to LR IA 6-1, LR 7-1, and LR 26-3, Plaintiff Lyle Edward Dickson ("Plaintiff" or "Mr. Dickson") and Defendant State of Nevada and Nevada Housing Division ("Defendants"), by and through their respective attorneys of record, hereby stipulate and request that this court extend the discovery deadlines and other deadlines in this matter for a period of six months. This is the parties' first request to extend deadlines in this matter.

In support of this stipulation and request, the parties state as follows:

**I.    DISCOVERY COMPLETED TO DATE**

1. The parties in this matter are parties to a lawsuit venued in Nevada state court. That case is located in the 8th Judicial District Court and involves the same claims as this

   matter except that the claims in this matter arise under federal law and the claims in the state court matter arise under state law.

2. The parties have engaged in extensive discovery in the state court matter. The parties have agreed to treat all disclosures and discovery in that matter as done in the federal matter. The parties exchanged initial disclosures in that matter and timely supplemented their disclosures during the course of litigation. The discovery completed in that case, and likewise in this matter, consists of the following (the discovery referenced has been answered):

  a. Plaintiff's First Set of Requests for Production and Interrogatories to Defendant Nevada Housing Division, Mrs. Amber Neff and Mr. Jacob LaRow.

  b. Plaintiff Second Set of Interrogatories to Defendant Amber Neff.

  c. Defendants Nevada Housing Division, Mrs. Amber Neff and Mr. Jacob LaRow First Sets of Interrogatories and First Request for Production of Documents to Plaintiff.

  d. Depositions of Administrator for Nevada Housing Division, Mrs. Amber Neff, Mr. Jacob LaRow, and Plaintiff.

## II. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties in this matter appeared for a full-day arbitration in the state court case on February 8, 2023. That was approximately one week after the discovery cutoff expired in this matter. Having completed a significant amount of discovery in the state matter, that the parties agreed to use in this matter, the parties' hope was that there would not be a need to extend discovery in this case. The parties' hope was also that there would be a decision issued soon after the February 8, 2023, arbitration and that such a decision would drive a resolution in this

matter and also help identify the need for any additional discovery or litigation. The parties have not yet received a decision in that matter as a result of agreeing to submit written closings. The parties submitted those written closings on Monday, March 27, 2023. Mr. Dickson is to submit a reply by Thursday, March 30, 2023. The Arbitrator will then have 30 days to issue a decision. In the meantime, the parties have reviewed the discovery done to date in that matter and now believe that additional discovery in this matter may be warranted. Specifically, Mr. Dickson has discussed several issues he may wish to pursue in discovery in this matter. The Defendants will need to work with Mr. Dickson on his discovery responses to date and based on the resolution of those issues, additional discovery may be needed. Further, there may be a need for additional discovery based on the Arbitrator's decision. Lastly, there remains the possibility of a global resolution of both matters based on whatever decision is made by the Arbitrator in the state court case. For these reasons, the parties have been unable to complete discovery in this matter and/or timely file any dispositive motion.

The parties were not able to request that the discovery and dispositive motion cutoff be extended in this matter, prior to those deadlines expiring, because the parties were extensively involved in arbitrating the state court matter and working on any follow-up from the arbitration. Further, the parties are anticipating that the state court decision will necessitate changes to the parties' discovery needs and litigation strategy for this matter. The parties offer this explanation as a demonstration of excusable neglect to support the request to extend deadlines that have already expired. The parties submit that they did not informally postpone discovery. Rather, the parties identified the need for additional discovery in this matter, and potential motion practice, as they (i) prepared for the arbitration in the state court case, (ii) arbitrated the case, by the Arbitrator. These issues all arose after the discovery deadline and dispositive motion cutoff had already expired.

### III. REMAINING DISCOVERY

The parties have requested a six-month extension for the discovery deadline, dispositive motion cutoff, and any unexpired deadlines. This period of six months will allow for the parties to receive a decision from the Arbitrator in the state court case and determine any needs for further discovery and motion practice in this matter. The period of six months will allow sufficient time after receipt of that decision for the parties to complete any remaining discovery and to file and prepare any necessary motions. There is also the possibility that a decision in the state court matter could facilitate a global resolution of all claims and matters. The period of six months would allow the parties to explore that issue while allowing time to complete discovery and motion practice if the parties cannot reach a resolution.

1. The Plaintiff may need to work with Defendants to address discovery responses already provided. Based on those discussions, and other issues noted in this stipulation, the Plaintiff will likely serve additional written discovery requests.
2. Defendants will need to work with Plaintiff to address discovery responses already provided. Based on those discussions, and other issues noted in this stipulation, the Defendants may serve additional written discovery requests.
3. Based on whatever additional written discovery is done, and other issues noted in this stipulation, the parties may need to take new depositions or supplement the deposition testimony obtained in the state court matter.

/ / /
/ / /
/ / /
/ / /
/ / /

IV. ~~PROPOSED~~ SCHEDULE FOR COMPLETING REMAINING DISCOVERY

Based on the good cause to extend the unexpired deadlines in this case, and the excusable neglect regarding any expired deadlines, the parties submit the following proposed schedule:

| Scheduled Event | Current Deadline | ~~Proposed~~ New Deadline |
|---|---|---|
| Discovery Cut-Off Date | *January 30, 2023* | *July 31, 2023* |
| Dispositive Motions | *March 1, 2023* | *September 8, 2023*[1] |
| Joint Pretrial Order | *March 31, 2023* | *October 13, 2023*[2] *(If dispositive motions are filed the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further court order).* |

This request for extension of time is not sought for any improper purpose or other purposes of delay. The parties have worked diligently at complying with the deadlines that can be met, but good cause exists to extend the current discovery deadlines.

WHEREFORE, the parties respectfully request that this court the dates as outlined in accordance with the table above.

---

[1] This accounts for September 1, 2023 being the Friday before Labor Day Weekend. Defendants' counsel has a preplanned trip that day and will need a few additional business days the following week to prepare any dispositive motion that may be needed.

[2] This accounts for the week of October 2, 2023 through October 6, 2023 which is Washoe County's scheduled fall break. Defendants' counsel has a trip planned for this time and will need some additional time after returning to prepare the necessary documents for this deadline.

Page **5** of **6**

| | |
|---|---|
| Dated: March 30, 2023 | Dated: March 30, 2023 |
| LYLE E. DICKSON | OFFICE OF THE ATTORNEY GENERAL |
| By: */s/ Lyle E. Dickson* <br> Lyle E. Dickson <br> Self-Represented <br> E-mail: ouiley@aol.com <br> 2541 Banora Point <br> Las Vegas, Nevada 89134 <br> Telephone: (517) 294-3425 <br> *Plaintiff, Self-Represented* | By: */s/ Scott H. Husbands* <br> Scott H. Husbands, Esq. <br> Senior Deputy Attorney General <br> Nevada Bar No. 11398 <br> Email: SHusbands@ag.nv.gov <br> 5420 Kietzke Lane, Suite 202 <br> Reno, NV 89511 <br> Telephone: (775) 687-2100 <br> Facsimile: (775) 688-1822 <br> *Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 30, 2023