UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYLE EDWARD DICKSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NEVADA, a constitutional governmental entity; NEVADA HOUSING DIVISION, a division of the State of Nevada,<br><br>Defendants. | Case No. 2:21-cv-00999-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Lyle Dickson's Motion to Extend Discovery and Motion for Sanctions. ECF No. 31. The Motion to Extend Discovery is not opposed; however, the Motion for Sanctions is opposed. ECF No. 32 at 2.

Plaintiff asserts two witnesses to the case at bar are unrepresented and the Deputy Attorney General ("DAG") has prevented him from interviewing these individuals. The DAG responds that he represents the two individuals Plaintiff seeks to interview. These individuals are former defendants in this case and current defendants in a state court case brought by Plaintiff. The DAG says the state case mirrors this matter. Given these circumstances, the DAG says Plaintiff may only question the witnesses on the record.

Individuals who are not parties to a case may nonetheless be represented by counsel. Said differently, there is no rule prohibiting retention of counsel by a witness. If a witness is represented by counsel and that witness declines to speak with a party unless in the presence of counsel, or on the record, then the informal interview cannot proceed. *See D.M. by and Through Morgan v. Wesley Medical Center, LLC*, Case No. 18-2158-KHV-KGG, 2018 WL 6695651, at \*6 (D. Kan. Dec. 20, 2018) ("whether to participate in an ex parte interview remains the prerogative of the witness[] who may also attach conditions to the voluntary interview"). The person seeking to interview the witness must go through counsel or depose the witness on the record after service of a subpoena. *See* Fed. R. Civ. P. 45.

Further, even though Plaintiff is a pro se litigant, logic dictates that he must abide by the rule prohibiting direct contact with an individual witness represented by counsel when such counsel has not agreed to that contact. *See* Nev. R. Prof. Cond. 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order"); *see also Villa v. City of Chicago*, Case No. 83 C 5522, 1986 WL 13728, at *3, n.2 (N.D. Ill. Dec. 3, 1986) ("Plaintiff, a pro se litigant, is held to the same standards of professional conduct as an attorney and was warned by this court that contacting defendants directly when he knew that defendant ... was represented by counsel could constitute a violation of" the applicable rules). Here, the witnesses Plaintiff seeks to interview are adverse to Plaintiff in a state court case. Counsel for those witnesses does not object to Plaintiff questioning the witnesses on the record; that is, upon subpoenaing them to appear for deposition. There is nothing improper about requiring Plaintiff to follow this process. *See Peterson v. Archstone*, Civil Action No. 08-1326 (RWR), 2009 WL 10692573, at *1 (D.D.C. Sept. 9, 2009) (requiring pro se plaintiff to follow the subpoena process to obtain testimony from witnesses).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Discovery and Motion for Sanctions (ECF No. 31) is GRANTED in part and DENIED in part. An extension of discovery is unopposed and is GRANTED. The parties may submit a stipulation to this effect once agreement is reached. The Motion for Sanctions is DENIED for the reasons stated above.

Dated this 31st day of August, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2