UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYLE E. DICKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, a constitutional government entity; NEVADA HOUSING DIVISION, a division of the State of Nevada,<br><br>　　　　Defendants. | Case No. 2:21-cv-00999-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel and for an Adverse Inference Under Federal Rule of Civil Procedure 37. ECF No. 40. The Court considered the Motion and Defendant Nevada Housing Division's Opposition (ECF No. 46). No timely reply was filed.

**I.　Background**

Plaintiff seeks to compel notes allegedly taken by dismissed Defendant Jacob LaRow that Plaintiff claims were, at one time, said to exist. ECF No. 40 at 2, 7. Without citation, and in the absence of exhibits, Plaintiff asserts Mr. LaRow testified that "he left his notes on his desk when he left his position as Deputy Administrator" for the Nevada Housing Division ("Defendant"). *Id*. at 2. Plaintiff also seeks to compel performance evaluations for dismissed Defendant Amber Neff. *Id*. Plaintiff states Defendant refuses to produce these documents. *Id*.

Defendant says there are no notes responsive to Plaintiff's demand and, therefore, none to produce. *Id*. at 2. In fact, Plaintiff quotes an October 14, 2022 communication from Defendant in which Defendant stated:

> Mr. LaRow does not recall any meeting to discuss charges of harassment or discrimination. Therefore, there were no notes taken and he does not recall taking any other notes about anything related to such issues. He did recall a meeting where you came to him to discuss some of what you claimed were ongoing issues with Mrs. Neff. Mr. LaRow said he asked if you would like him to take notes and you replied that it was not necessary.

\*\*\*

> The notes you have requested cannot be produced because they do not exist and never did exist.

ECF No. 40 at 7.

Regarding Amber Neff's performance evaluations, it appears Plaintiff may be possession of redacted version of the same. *Id*. at 8 ("Plaintiff has demanded Neff's unredacted evaluations."). Plaintiff says Defendant refused to produce the unredacted versions because the information is personal, but Defendant has not identified "what that personal information is." *Id*. at 9.

Defendant does not respond to Plaintiff's assertion regarding "unredacted" versions of Ms. Neff's evaluations. Rather, Defendant states the Request for Production of Documents served on Amber Neff were not served in this case, but in a now-closed Eighth Judicial District Court case, Case No. A-21-838077-C (the "State Case"), after discovery was closed. ECF No. 46 at 1-2. Defendant further argues that employee personnel evaluations are confidential under NAC 284.718(1)(j)(1). *Id*. at 3. Defendant says it offered to enter into a protective order regarding these documents, but Plaintiff refused. *Id*. at 3. Defendant admits the parties agreed that "all disclosures and discovery in the" State Case would be considered as produced and conducted in this federal matter. ECF No. 46 at 1. Discovery closed in the State Case on February 6, 2024. *Id*. at 2. However, discovery did not close in this matter on May 31, 2024. *Id*. Plaintiff served his First Set of Interrogatories and Requests for Production of Documents on Ms. Neff in the State Case on April 25, 2024. *Id*.

**II.    Discussion**

As the party moving for an order to compel, Plaintiff has the burden to demonstrate actual and substantial prejudice from the denial of the discovery he seeks. *Maxlite, Inc. v. ATG Electronics, Inc.*, Case No. 8:20-01056 MCS (ADSx), 2022 WL 2177493, at *2 (C.D. Cal. Feb. 1, 2022) *citing In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 339 (N.D. Ill. 2005) (denying a motion to compel because any prejudice the plaintiffs suffered resulted from their own inaction); *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (holding the district court did not abuse its discretion when denying a motion to compel because plaintiff did not demonstrate actual and substantial prejudice resulting from the denial of discovery). Moreover, a "court cannot order a party to produce

documents that do not exist .... A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel" *Porter v. Gore*, Case No. 18cv1221-GPC-LL, 2020 WL 1493615, at *5 (S.D. Cal. Mar. 27, 2020) (internal citations and quotation marks omitted).

The Court finds the facts regarding Mr. LaRow's notes demonstrate there is no basis to enter an order to compel. Plaintiff says Mr. LaRow "testified" that he left notes on his desk; however, Plaintiff does not attach this testimony as an exhibit or identify when this alleged "testimony" occurred. Plaintiff quotes a communication from then-defense counsel, an officer of the Court, as stating no notes exist or ever existed regarding Plaintiff's claims. Current defense counsel confirms there are no notes and offers evidence that this conclusion was also reached in the State case. ECF No. 46 at 2. The facts before the Court are clear. The Court cannot compel what does not exist. The Court finds there is nothing to compel in response to Plaintiff's request for Mr. LaRow's notes.

With respect to Amber Neff's personnel evaluations, Plaintiff offers nothing other than suspicion that there may be inappropriate redactions to some portion of whatever documents he has. Plaintiff's suspicion is insufficient to support his request to compel production of additional information as Plaintiff demonstrates neither actual nor substantial prejudice. Further, in light of the confidentiality afforded state employee personnel evaluations under NAC 284.718(1)(j)(1) and Plaintiff's refusal to enter into a protective order, the Court finds an order compelling production of Ms. Neff's personnel documents is unwarranted.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel and for an Adverse Inference Under Federal Rule of Civil Procedure 37 (ECF No. 40) is DENIED.

Dated this 17th day of July, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE