UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lyle Edward Dickson,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00999-JAD-EJY<br><br>**Order Denying Motion in Limine**<br><br>[ECF No. 42] |

    Pro se plaintiff Lyle Dickson brings this employment action over the treatment he received during, and termination from, his job at the State of Nevada's Housing Division. Dickson moves in limine to preclude the defendants from introducing certain testimony, theories, and documents at the yet-to-be-scheduled trial  He argues that the testimony and theories would contradict other evidence or be misleading, confusing, speculative, or unfairly prejudicial, and that he wasn't aware certain documents existed before his termination.  Because Dickson failed to meet and confer with the defendants before filing this motion as this court's rules require, and because his arguments are better suited for a motion for summary judgment, I deny his motion.

**Discussion**

    "A motion in limine is a procedural mechanism [that is used] to limit in advance" of trial the scope of "testimony or evidence in a particular area" that will be permitted at trial.[1] Though not explicitly authorized by the Federal Rules of Evidence, the practice of ruling in limine on evidentiary issues is based on the "district court's inherent authority to manage the course of

---

[1] *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009).

trials."² But motions in limine may not be used to resolve factual issues or weigh evidence. And a litigant must comply with the court's rules when bringing a motion in limine.

This court has adopted robust rules for motions in limine. Key among those rules is the requirement that a litigant must hold a meaningful conference with opposing counsel to attempt to resolve the issues before raising them in a motion in limine. To that end, Local Rule 16-3(a) warns that "[m]otions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action."³ Dickson apparently skipped this step, and he provided no such certification with this motion in limine. So his motion must be denied for this reason.

But even if Dickson had complied with that procedural prerequisite, his motion would be denied because the relief that he seeks is more appropriate for a summary-judgment motion than a motion in limine. He offers various excerpts from the deposition of Jacob LaRow, in which LaRow testified that he did not recall various events that Dickson contends transpired. He characterizes this testimony as "speculative," contradictory to LaRow's interrogatory responses, and a violation of Nevada Revised Statute § 50.025's personal-knowledge requirement for witness testimony.⁴ Witnesses often do not recall events, statements, or conversations, but that does not render their testimony subject to exclusion. If LaRow testifies at trial, Dickson might be able to refresh his recollection or impeach him, as appropriate, or highlight any selective memory or inconsistencies with vigorous cross examination. But exclusion of LaRow's

---

² *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).
³ L.R. 16-3(a).
⁴ ECF No. 42 at 2–4.

2

testimony or precluding him from testifying about his typical practices for these reasons is not appropriate. And if LaRow's failure to recall events or testimony in contravention of his own interrogatory responses impacts an element of a defense, Dickson's proper vehicle to raise these issues is a motion for summary judgment.

To the extent that Dickson asks to preclude the defense from introducing the memorandum he attaches at ECF No. 42 at pages 7–8 because "there is no basis in fact or law that indicates that [Dickson] was aware that the document existed and it is unclear if the document was drafted prior to, or subsequent to [Dickson's] termination," this argument is premature. As the defense points out, "[a]t this stage in litigation, [the defendants have] not yet determined what evidence they intend to use at trial because the parties have yet to prepare and file a proposed joint pretrial order."[5] No party explains the origin of this document, identifies its author, or suggests through which witness it might be introduced. At this point the court cannot even be certain that it will be presented, so there ultimately may not even be a dispute over this document. Because the court does not make advisory rulings on issues that may never develop into a true dispute, a ruling on this memorandum is inappropriate at this time. Should the defense seek to introduce the memorandum as evidence at trial, Dickson should raise an appropriate evidentiary objection at that time.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff Lyle E. Dickson's motion in limine **[ECF No. 42] is DENIED**.

                                                      U.S. District Judge Jennifer A. Dorsey
                                                                             August 2, 2024

---

[5] ECF No. 47 at 2.