**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lyle Edward Dickson, | Case No.: 2:21-cv-00999-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Defendants' Motion for Summary Judgment** |
| State of Nevada, et al., | [ECF No. 57] |
| Defendants | |

After pro se plaintiff Lyle Edward Dickson lost his job at the State of Nevada Housing Division, he filed two discrimination lawsuits—one in state court and the other in federal court. The state-court suit ended in a final judgment for the defendants, so they now move for summary judgment in this federal suit, arguing that Dickson's claims here are barred by claim and issue preclusion and the *Rooker-Feldman* doctrine. Despite receiving two deadline extensions, Dickson has not opposed the motion, and the defendants have established without genuine dispute that Dickson received a full and fair adjudication of his case in state court and that this case would be a de facto collateral attack on the state-court judgment. So I grant the motion, enter summary judgment in favor of the defendants, and close this case.

**Background**

**A.    After his employment at the State of Nevada Housing Division was terminated, Dickson filed a charge of discrimination, which was administratively reviewed and eventually closed.**

Dickson was employed by the State of Nevada Housing Division from about August 6, 2018, to June 14, 2019, when his employment was terminated.[1] After his termination, Dickson

---

[1] ECF No. 5-1 at 1 (charge of discrimination).

filed a charge of discrimination with the State of Nevada Equal Rights Commission (NERC), claiming that he was discriminated against due to his sex because his supervisor said he was "stupid because [he] was a man,"[2] "treated him differently" than his female colleagues, and deprived him of the "adequate training" that his female counterparts received.[3]  The NERC "closed the charge . . . because the evidence presented did not meet the legal criteria for establishing that discriminatory acts occurred."[4]  The United States Equal Employment Opportunity Commission (EEOC) agreed and adopted the NERC's findings.[5]  It then issued Dickson a dismissal and notice of rights letter, giving him 90 days to file suit.[6]

**B.    Dickson filed discrimination claims in both state and federal court—on functionally identical allegations—and the state court entered judgment in favor of the defendants.**

Dickson then filed his discrimination claims in both state and federal court.[7]  He started with this federal action on May 25, 2021, and he initiated the state action one month later.[8]  Both actions challenge his Housing Division supervisor's purported derogatory comments and retaliation and the termination of his employment.

In his federal complaint, Dickson alleges that he was told by his supervisor, Amber Neff, that he was "only offered the position due to [another employee] wanting" him[9] and that she

---

[2] *Id.*

[3] *Id.* at 2.

[4] ECF No. 57-3 at 3 (NERC's Corrected Letter of Determination dated March 18, 2021).

[5] ECF No. 57-4 at 2 (EEOC Dismissal and Notice dated April 6, 2021).

[6] *Id.*

[7] *See* ECF No. 5 (plaintiff's amended complaint); ECF No. 57-5 (complaint filed in Eighth Judicial District Court (case number A-21-8738077-C) on July 19, 2021).

[8] *Id.*

[9] ECF No. 5 at ¶ 26.

2

wanted a "female who can do [the job] better and quicker."[10] He also claims that he was denied computer training despite his female counterpart having access to it and requesting upgrades on many occasions.[11] Dickson further alleges that Neff called him "Kyle" instead of his first name "Lyle" and posted on Facebook about "shooting Kyle."[12] He sues the State of Nevada and the Nevada Housing Division for retaliation and discrimination under federal law.[13]

Dickson's state-court complaint is functionally identical.[14] He named as defendants the State of Nevada, the Nevada Housing Division, plus other individuals, and he asserted claims for discrimination and retaliation under Nevada's state-law analogs.[15] The parties jointly agreed to "engage[] in extensive discovery in the state court matter" and "to treat all discovery in that [state] matter as discovery done in this [federal] matter."[16] The parties litigated the state action, which, after being referred to a mandatory arbitration program, culminated in a seven-hour arbitration hearing.[17] On April 14, 2023, the arbitrator issued a decision in favor of the defendants and awarded Dickson no damages.[18] Dickson requested a trial de novo, but that

---

[10] *Id.* at ¶ 27.
[11] *Id.* at ¶¶ 28–29.
[12] *Id.* at ¶ 30.
[13] *Id.* at ¶¶ 49–58.
[14] ECF No. 57-5 at 4–9.
[15] *Id.* at 7–8; Nev. Rev. Stat. § 613.330.
[16] ECF No. 38 at 3 (corrected joint motion to reopen discovery dated March 26, 2024).
[17] ECF No. 57-8 at 3 (state-action arbitration decision issued April 14, 2023); ECF No. 57-9 at 5 (state action order granting motion to strike request for trial de novo).
[18] ECF No. 57-9 at 5.

request was stricken.[19] The state court entered judgment in favor of the defendants on July 25, 2024.[20] No timely appeal was filed.

**C.  After an extension to file dispositive motions was granted, the defendants moved for summary judgment, but Dickson argues that, because he did not know about the extension order, it must be rescinded.**

Meanwhile, in the federal case, the June 30, 2024, dispositive-motion deadline was fast approaching. On June 28, 2024, the defendants moved to extend that deadline,[21] arguing that good cause existed because the attorney previously representing the defendants had left the office and current counsel needed time to get up to speed.[22] The magistrate judge ordered Dickson to respond to the extension request by July 10, 2024.[23] He didn't, and the magistrate judge granted the unopposed extension request by minute order on July 11th.[24] According to Dickson, he received that minute order by mail on July 15, 2024, and filed a late opposition the very next day.[25]

With their deadline extended, the defendants timely filed a motion for summary judgment, arguing that Dickson's federal claims are barred by claim preclusion, issue preclusion, and the *Rooker-Feldman* doctrine.[26] Dickson filed a "Response to Defendants['] Motion for Summary Disposition and to Rescind All Related Orders Granting the Extension of Time, and/or

---

[19] *Id.* at 5–6.

[20] ECF No. 57-10 (state action notice of entry of final judgment).

[21] ECF No. 44 at 2 (defendants' third motion to extend time to file dispositive motions).

[22] *Id.*

[23] ECF No. 45.

[24] ECF No. 50.

[25] ECF No. 51.

[26] ECF No. 57.

4

Request for Additional Time to Respond, if Necessary."[27] Despite its title, that filing does not address the merits of the defendants' summary-judgment arguments; Dickson argues that the defendants didn't properly serve him with their extension request so he was "totally unaware" of it and would have opposed it had he known about it.[28] So he asks for that extension order to "be rescinded in light of the defendants' heinous and unethical actions."[29]

**D.     Dickson's twice-extended deadline to file a substantive response to the summary-judgment motion lapsed, so the motion remains unopposed.**

Dickson separately moved to extend his deadline to file a substantive response to the summary-judgment motion, explaining that he'd been ill.[30] The defendants filed a notice of non-opposition,[31] and the court granted the extension.[32] Dickson filed an unopposed request for a second extension a month later, which was also granted.[33] Those extensions (totaling 60 days) made Dickson's response due by January 16, 2025.[34] That deadline lapsed without Dickson filing a response or a third extension request, and this court waited two more months before resolving this motion to see if Dickson's substantive response might show up late. It hasn't, so the summary-judgment motion's merits arguments remain unopposed.

---

[27] ECF No. 60.

[28] *Id.* at 2.

[29] *Id.* at 3 (cleaned up). That request was not filed or captioned as a motion as the rules of this court require, so it did not get docketed as one.

[30] ECF No. 64.

[31] ECF No. 66.

[32] ECF No. 67.

[33] ECF Nos. 68, 69, 70.

[34] ECF No. 70.

5

**Discussion**

**A.   The magistrate judge's order was neither clearly erroneous nor contrary to law, given that extensions are to be liberally granted and Dickson's claims of prejudice are unsupported.**

While Dickson did not file an opposition to the merits of the defendants' motion for summary judgment, he does object to the magistrate judge's July 3, 2024, order that extended the dispositive-motion deadline, making the defendants' summary-judgment motion timely.[35] That challenge came late, Dickson explains, because he wasn't yet authorized to received electronic service through the court's system and thus didn't even see the extension request before it was granted.[36] He contends that, by filing a motion for an extension, the defendants "placed [him] in a highly prejudicial position" and the order therefore "must be rescinded" and the case should proceed to trial.[37]

I liberally construe Dickson's "response" as an objection to the magistrate judge's order extending the dispositive-motion deadline under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 3-1. When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, he must show that the "order is clearly erroneous or contrary to law."[38] "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[39] "The district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[40] The magistrate judge's

---

[35] *Id.* at 3.
[36] *Id.* at 1–2.
[37] *Id.* at 2–3.
[38] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).
[39] *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quotation omitted).
[40] LR IB 3-1(b).

ruling must be overturned if, "after reviewing the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."[41]

Federal Rule of Civil Procedure 6(b)(1) permits courts to extend deadlines "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."[42] This rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."[43] And in the Ninth Circuit, "in [the] absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," requests for extensions made before the applicable deadline has passed should normally be granted.[44] The magistrate judge's decision to grant the defendants' extension request, particularly when no opposition was received by the court-set deadline, was entirely consistent with this law.

Dickson has not shown that the magistrate judge's decision to grant the defendants' extension request would have been different had he timely opposed it. Nor has he demonstrated that the ruling was unsupported by the circumstances. While he broadly states that "the [d]efendants have acted unethically and placed [him] in a highly prejudicial position,"[45] he doesn't identify what that "unethical" conduct was or how he was prejudiced by it. "'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'"[46] Further delay in the resolution of a claim is not legal prejudice,[47] and

---

[41] *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988).

[42] Fed. R. Civ. P. 6(b)(1).

[43] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

[44] *Id.* at 1259.

[45] ECF No. 60 at 2.

[46] *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

[47] *Id*.

7

Dickson hasn't shown any true prejudice that he suffered because the dispositive-motion deadline was briefly extended. So I cannot conclude that the magistrate judge's order extending the deadline was clearly erroneous or contrary to the law. I thus overrule Dickson's objection to that extension order and consider the defendants' summary-judgment motion as timely filed.

**B.    Defendants' motion for summary judgment is granted because Dickson's claims are barred by claim and issue preclusion and the *Rooker-Feldman* doctrine.**

The defendants argue that they are entitled to summary judgment because the Dickson's federal claims are barred by claim preclusion, issue preclusion, and the *Rooker-Feldman* doctrine. Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[48] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[49] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[50]

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[51] As Rule 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary

---

[48] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[49] *Kaiser Cement Corp. v. Fishback & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[50] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[51] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[52]

### 1.   *Claim preclusion bars this suit because it involves the same parties as the state court suit, which was based on the same claims and involved a final adjudication on the merits.*

Claim preclusion "is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated."[53] Claim preclusion "does not apply if the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim" but instead prevents the "relitigation" of issues "after a full and fair hearing in a state court simply because the state court's decision may have been erroneous."[54] The defendants contend that allowing this suit to go forward in federal court would allow Dickson to relitigate in federal court what was previously litigated in state court.

When the prior action is litigated in state court and results in a state-court judgment, federal courts must apply the preclusion law of the state in which the judgment is rendered.[55] I therefore apply Nevada's preclusion law to determine whether Dickson's federal suit may proceed.[56] Under Nevada law, claim preclusion applies if: "(1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) 'the subsequent

---

[52] Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

[53] *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995) (internal quotation marks omitted)).

[54] *Allen v. McCurry*, 449 U.S. 90, 101 (1980).

[55] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *see also Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019).

[56] *See Migra*, 465 U.S. at 84.

action is based on the same claims or any part of them that were or could have been brought in the first case.'"[57] Each element has been satisfied here.

First, as evident from the pleadings, the state and federal actions concern the same parties. Dickson sued the State of Nevada and the Nevada Housing Division in both actions.[58] The fact that Dickson named additional defendants in the state action is inconsequential.[59] Second, the judgment that Dickson received in state court was a final "adjudication on the merits."[60] He had a full and fair opportunity to litigate his claims during the state proceedings, which involved extensive discovery and a seven-hour arbitration hearing.[61] And the state judge entered final judgment on July 25, 2024.[62] Dickson failed to appeal that final judgment within the Nevada Arbitration Rules' 30-day deadline.[63] The fact that the judgment was rendered on an arbitration award makes no difference. As the Ninth Circuit explained in *NTCH-WA, Inc. v. ZTE*

---

[57] *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 915 (Nev. 2014) (quoting *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008)). The Nevada Supreme Court modified this test slightly in the context of nonmutual claim preclusion in *Weddell v. Sharp.*, 350 P.3d 80, 85 (Nev. 2015), permitting defendants to seek claim preclusion when they should have been included as a defendant in the earlier suit and the plaintiff fails to provide a "good reason" for not having done so.

[58] *See* ECF No. 5; ECF No. 57-5.

[59] *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("We first note that several [of the] parties in both actions are identical, and therefore quite obviously in privity.").

[60] *See Five Star Cap. Corp.*, 194 P.3d at 715; *see also Bank of New York Mellon v. 7321 Wandering Street Trust*, 796 Fed. Appx. 365, 367–68 (9th Cir. 2019) (applying Nevada law and determining that dismissal of deed trust holder's quiet-title action against homeowner's association was a final judgment and subsequent action was barred by doctrine of claim preclusion).

[61] ECF No. 57-8 at 3.

[62] ECF No. 57-10.

[63] NRAP 3, 4.

10

*Corporation*, "[a] federal-court order confirming an arbitration award has the same force and effect as a final judgment on the merits, including the same preclusive effect."[64]

Finally, Dickson's federal causes of action stem from the exact same set of facts as his state causes of action. "The test for determining whether the claims, or any part of them, are barred in a subsequent action, is if they are 'based on the same set of facts and circumstances as the [prior action].'"[65] And here, the alleged violations all arise out of the "same facts and alleged wrongful conduct."[66] The only true difference is that Dickson pursued a state-law discrimination claim in state court but he seeks relief under its federal analogs in this court. Dickson does not dispute that the federal claims he raises here "could have been brought" alongside his state claims in his prior state action.[67]

Dickson does not respond to the defendants' argument that claim preclusion bars his claims. Not only is this suit based on the same set of allegations as his prior suit, but Dickson provides no evidence that he was unable to raise his constitutional claims in Nevada state court or that he did not receive a full and fair adjudication of that case.[68] Accordingly, I find that this federal suit is barred by claim preclusion as a matter of law.

---

[64] *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019) (citing *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) ("A judgment confirming an arbitration award is treated similarly to any other federal judgment.")); *see also* Restatement (Second) of Judgments § 84(1) (1982) (stating that, subject to certain exceptions not relevant here, "a valid and final award by arbitration has the same effects under the rules of res judicata . . . as a judgment of a court").

[65] *Nolette v. City of Boulder*, 804 F. App'x 587, 589 (9th Cir. 2020) (unpublished) (quoting *Mendenhall v. Tassinari*, 403 P.3d 364, 370 (Nev. 2017)).

[66] *Foster v. Ma*, 2024 WL 3742773, at *3 (D. Nev. Aug. 9, 2024) (quoting *Five Star*, 194 P.3d, at 715). *Compare* ECF No. 5 *with* ECF No. 57-5.

[67] *Nolette*, 804 F. App'x, at 589 (unpublished) (quoting *Five Star*, 194 P.3d, at 713).

[68] *Weddell v. Sharp*, 350 P.3d 80, 85 (Nev. 2015) (reasoning that the basis for the plaintiff's new claims, including his fraud claims, are identical to his prior complaint and therefore precluded by

> **2.     *Issue preclusion also bars this suit because Dickson may not relitigate the issues for which he was afforded a full and fair opportunity pursue during the prior state-court proceedings.***

This case is not barred by claim preclusion alone, for the resolution of Dickson's state-law action renders all issues in this federal suit precluded, too.  Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."[69]  In Nevada, the doctrine of issue preclusion has four elements: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated."[70]  The Nevada Supreme Court has held that an issue is actually litigated when both parties participated in the action, findings of fact were established by evidence, and the issue was necessary to the judgment in the earlier suit.[71]

The issues decided in the state action are identical to that presented in the current action. Dickson does not dispute that.[72]  Because I find that Dickson was afforded a full and fair opportunity to litigate the issues regarding his claims of discrimination and retaliation during the prior state-court proceedings and that state court entered final judgment in favor of the

---

the prior ruling); *see also Allen v. McCurry*, 449 U.S. 90, 101 (1980) (denying subsequent case where the plaintiff already had a "full and fair hearing in a state court").

[69] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).

[70] *Five Star*, 194 P.3d, 713; *accord*, *In re Sandoval*, 232 P.3d 422, 423 (Nev. 2010).

[71] *See Frei ex. Rel. Litem v. Goodsell*, 305 P.3d 70, 72 (Nev. 2013) (citing *In re Sandoval*, 232 P.3d 422 (Nev. 2010); *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)).

[72] *See* ECF No. 60.

defendants, I find that Dickson is precluded from relitigating those same issues here.  The defendants are therefore also entitled to summary judgment on the basis of issue preclusion as a matter of law.

> **3.  *The Rooker-Feldman doctrine also bars Dickson's suit because the claims he brings in this action are inextricably intertwined with those adjudicated at the state level.***

The nature of Dickson's claims also requires this court to decline to exercise jurisdiction over Dickson's federal suit under the *Rooker-Feldman* doctrine.  In *Rooker v. Fidelity Trust Company*[73] and *District of Columbia Court of Appeals v. Feldman*,[74] the Supreme Court announced that federal district courts may not generally exercise subject-matter jurisdiction over "cases brought by state-court losers" challenging "state-court judgments rendered before the district[-]court proceedings commenced."[75]  Albeit a "narrow" limitation, the *Rooker-Feldman* doctrine applies equally to state-law judgments, interlocutory orders, and federal-constitutional claims.[76]  The Ninth Circuit and Supreme Court have invoked *Rooker-Feldman* to bar federal review of claims arising from a "state court's purportedly erroneous judgment,"[77] involving "attacks on state[-]court proceedings [that] constitute a de facto appeal of the state[-]court

---

[73] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[74] *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[75] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[76] *Bianchi v. Rylaardam*, 334 F.3d 895, 900 (9th Cir. 2003); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986); *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

[77] *Black v. Haselton*, 663 F. App'x 573, 575 (9th Cir. 2016) (unpublished).

judgment,"[78] or seeking "relief that would require the federal court to vacate the final state[-]court judgment."[79]

To apply *Rooker-Feldman*, a court must assess whether the allegations advanced in the federal complaint are "inextricably intertwined" with state court proceedings.[80] If the "district court must hold that the state court was wrong [to] find in favor of the plaintiff, [then] the issues presented to both courts are inextricably linked."[81] While Dickson does not say he's attempting to appeal the earlier state-court decision using his federal claims, his federal complaint amounts to a collateral attack on the state-court determination. The claims that Dickson brings in this action are inextricably intertwined with those adjudicated at the state level. It was already determined at the state level that "there is insufficient evidence showing that [Dickson] was released in retaliation."[82] So Dickson's claims are *Rooker-Feldman*-barred because they are de facto appeals of a state-court case he has already lost, which supplies an independent and alternate basis to dismiss.

---

[78] *Exxon Mobil Corp.*, 544 U.S. at 284.

[79] *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1999); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

[80] *Feldman*, 460 U.S. at 486–87.

[81] *Napolitano*, 252 F.3d at 1030.

[82] ECF No. 57-10 at 10.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 57] is GRANTED**. This action is therefore **DISMISSED with prejudice** as barred by claim preclusion, issue preclusion, and the *Rooker-Feldman* doctrine. The Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
March 12, 2025